**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**
**DOCKETING STATEMENT--CRIMINAL CASES**

**Directions:** Counsel must make a **docketing statement (criminal)** entry in CM/ECF within 14 days of filing a notice of appeal or cross appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form and any extended answers, (2) any transcript order form, and (3) any CJA 24 authorization form. Counsel who filed the notice of appeal is responsible for filing the docketing statement even if different counsel will handle the appeal. In criminal cases, counsel who represented the defendant below must continue on appeal unless the court of appeals grants a motion to withdraw. Appellants proceeding pro se are not required to file a docketing statement. Opposing counsel may file objections to the docketing statement within 10 days of service using the ECF event-**docketing statement objection/correction**.

| | |
|---|---|
| **Appeal No. & Caption** | |
| **Originating No. & Caption** | |
| **District Court & Judge** | |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Date of entry of order/judgment appealed from | | |
| Date this notice of appeal filed | | |
| If cross appeal, date first notice of appeal filed | | |
| Date of filing any post-judgment motion | | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final order or judgment? | ○ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

07/01/2015 SCC                                    1

**Transcript –  Order all necessary transcript now.  Extensions of the briefing schedule to order additional transcript are disfavored**

(Identify necessary transcript dates and state whether the transcript is on file or a copy of the transcript order is attached. CJA counsel must attach copy of the CJA 24 with the transcript order.)**.**

| | | | | |
|---|---|---|---|---|
| Trial Date(s): | | ○ On Order or On File | ○ Order Attached | ○ Not Needed |
| Plea Date: | | ○ On Order or On File | ○ Order Attached | ○ Not Needed |
| Sentence Date: | | ○ On Order or On File | ○ Order Attached | ○ Not Needed |
| Other Date(s): | | ○ On Order or On File | ○ Order Attached | ○ Not Needed |

| **Case Handling Requirements** (answer any that apply) | |
|---|---|
| Case number of any prior appeal in same case | |
| Case number of any pending appeal in same case | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. |
| Is expedited disposition necessary? | ○ Yes     ○ No |
| | If yes, motion to expedite must be filed. |

**Issues** (Non-binding statement of issues to raise on appeal.  Attach additional page if necessary.)

2

| Appellant's Name & Address | Counsel's Name & Address |
|---|---|
| Name:<br>Address:<br><br><br><br>E-Mail:<br><br>Phone: | Name:<br>Address:<br><br><br><br>E-Mail:<br><br>Phone: |

**Signature:** _____    **Date:** _____

**Counsel for:** _____

**Certificate of Service**: I certify that on _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

|  |  |
|---|---|
|  |  |
| Signature: | Date: |

3

**CONTINUED FROM ISSUES SECTION ON PAGE TWO**

CLAIM FOUR: MR. CARO WAS DEPRIVED OF HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AS GUARANTEED BY 18 U.S.C. § 3006a AND THE SIXTH AMENDMENT OF THE CONSTITUTION DURING THE GUILT/INNOCENCE PHASE BECAUSE COUNSEL FAILED TO ADEQUATELY INVESTIGATE, DEVELOP, AND PRESENT A THEORY WITH SUPPORTING EVIDENCE IN MR. CARO'S DEFENSE.

CLAIM FIVE: BY WITHHOLDING MATERIAL EXCULPATORY AND IMPEACHMENT EVIDENCE, AND MISLEADING DEFENSE COUNSEL, THE GOVERNMENT VIOLATED MR. CARO'S RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS.

CLAIM SIX: MR. CARO WAS DEPRIVED OF HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AS GUARANTEED BY 18 U.S.C. § 3006a AND THE SIXTH AMENDMENT OF THE CONSTITUTION AT THE PENALTY PHASE.

CLAIM SEVEN:  BY WITHHOLDING MATERIAL EXCULPATORY AND IMPEACHMENT EVIDENCE, AND PRESENTING MISLEADING PREJDUCIAL ARGUMENT REGARDING FUTURE DANGEROUSNESS, THE GOVERNMENT VIOLATED MR. CARO'S RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS.

CLAIM EIGHT: THE GOVERNMENT VIOLATED THE EIGHTH AMENDMENT AND THE RULE IN *CALDWELL V. MISSISSIPPI*, BY MINIMIZING THE JURY'S RESPONSIBILITY.

CLAIM NINE: MR. CARO WAS DEPRIVED OF HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL ON DIRECT APPEAL AS GUARANTEED BY 18 U.S.C. § 3006a AND THE FOURTEENTH AMENDMENT OF THE CONSTITUTION.

CLAIM TEN: THE USE OF THE "FUTURE DANGEROUSNESS" AGGRAVATING FACTOR AT SENTENCING, WHICH RESULTED IN AN UNRELIABLE PREDICTION OF MR. CARO'S FUTURE DANGEROUSNESS BY THE JURY, VIOLATED MR. CARO'S RIGHT TO A NON-ARBITRARY SENTENCING PROCESS UNDER THE EIGHTH AMENDMENT AND 18 U.S.C. § 3595(C)(2)(A)

CLAIM ELEVEN: THE ABSENCE OF A PRINCIPLED BASIS FOR DISTINGUISHING CASES IN WHICH THE FEDERAL DEATH-PENALTY IS IMPOSED FROM THOSE IN WHICH IT IS NOT IMPOSED RENDERS THE FEDERAL DEATH PENALTY ACT UNCONSTITUTIONAL.

CLAIM TWELVE: THE FEDERAL CAPITAL PUNISHMENT SYSTEM, IN WHICH CAPITAL PUNISHMENT IS IMPOSED ON BOTH THE INVIDIOUS BASIS OF RACE AND THE IRRATIONAL BASIS OF GEOGRAPHY, SHOULD NOT BE ENFORCED.  THIS COURT SHOULD VACATE MR. CARO'S SENTENCE ON THIS BASIS ALONE.

CLAIM THIRTEEN:  MR. CARO'S DEATH SENTENCE IS CATEGORICALLY CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT.

CLAIM FOURTEEN: THE FEDERAL CAPITAL PUNISHMENT SYSTEM AT THE TIME OF MR. CARO'S TRIAL VIOLATED INTERNATIONAL LAW.

CLAIM FIFTEEN:  THE PRECLUSION OF "PLAIN-ERROR" REVIEW BY THE FEDERAL DEATH-PENALTY ACT RENDERS THE STATUTE UNCONSTITUTIONAL.

CLAIM SIXTEEN: MR. CARO'S CONVICTION AND SENTENCE MUST BE VACATED DUE TO THE CUMULATIVE PREJUDICIAL EFFECT OF THE ERRORS IN THIS CASE.