IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| United States of America, | No. 16-1 |
| Plaintiff-Appellee, | |
| v. | **Appointed Counsel's Response to Appellant's Pro Se Letter** |
| Carlos David Caro, | Death-Penalty Case |
| Defendant-Appellant. | |

Appointed counsel for Appellant Carlos D. Caro hereby respond to the Court's order of March 28, 2016, and a letter to the District Court signed by Appellant, expressing his intent to end the appeals process with respect to his conviction and death sentence. *See United States v. Caro*, No. 16-1, ECF Nos. 12 & 13 (9th Cir.). The letter initially was received on March 24, 2016, by the District Court, which ordered it transmitted to this Court. *See United States v. Caro*, No. 1:06-CR-00001-JPJ, ECF Nos. 825, 826 (W.D. Va.). The apparent recent and serious change of circumstances reflected in the letter requires investigation by counsel to ascertain the necessary next steps. Counsel respectfully request that this Court permit counsel to file a status report within 120 days (on or before August 9, 2016), as to whether a competency hearing will be necessary should Mr. Caro truly wish to waive his current appeal. Counsel for the Appellee,

Assistant United States Attorney Jean Barrett Hudson, has no objection to this approach.

### Discussion

The decision whether to allow a federal habeas petitioner to stop his pending appeals is one met with great caution on the part of federal judges. In 1966, in a Virginia capital habeas corpus case, the Supreme Court of the United States ordered the United States District Court for the Eastern District of Virginia to conduct proceedings appropriate to determining whether a capital habeas corpus petitioner was competent to withdraw a petition for writ of certiorari to the Supreme Court to review the decision of this Court in which it affirmed the district court's denial of relief on several federal constitutional claims. *See Rees v. Peyton*, 384 U.S. 312 (1966) (*per curiam*). Rees's counsel, with Rees's consent, had timely and properly filed the petition for writ of certiorari. Nearly a month later, Rees wrote his counsel to ask that they withdraw the petition for writ of certiorari to effectively stop his appeals. *Id.*

The Supreme Court directed the district court to determine "whether [Rees] has capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation or on the other hand whether he is suffering from a mental disease, disorder or defect which may substantially affect his capacity in the premises." *Id.* at 314. The federal courts continue to employ

the protocol announced in *Rees* to determine whether a capital defendant is competent to waive his appeals. *See Austin v. Stephens*, 596 Fed. Appx. 277, 281-82 (5th Cir. 2015);[1] *Nooner v. Norris*, 402 F. 3d 801, 804 & n.2 (8th Cir. 2005); *Mata v. Johnson*, 210 F. 3d 324, 327 (5th Cir. 2000); *Ford v. Haley*, 195 F. 3d 603, 617-18 (11th Cir. 1999).   In particular, if competency is at issue, the courts have considered "[t]he extent and severity of the petitioner's history of mental health problems" as they may "influence the breadth and depth of the competency inquiry required." *Mata*, 210 F.3d at 330.

In response to Mr. Caro's letter and this Court's order that appointed counsel respond to the letter, counsel have taken and will continue to take steps to fully investigate what has precipitated the present decision.  Undersigned counsel has been in communication with Mr. Caro and has secured appointments to visit with Mr. Caro at USP-Terre Haute, Indiana, the site of his present incarceration, for April 22 and May 2, 2016.[2]  Counsel expects to discuss with Mr. Caro his present position with respect to whether he continues to desire to cease his appeal process and, should he desire to proceed down that path, to secure information from the

---

[1] Similar to this Court's order requiring Mr. Caro's counsel to respond, the Fifth Circuit in *Austin* initially requested that the parties respond to the petitioner's letter asking to stop his capital appeals.  596 Fed. Appx. At 280.

[2] Given her experience representing capital habeas petitioners, undersigned counsel has been the primary attorney contact for Mr. Caro since his prior lead counsel, Karen Wilkinson, passed away suddenly on January 5, 2015.  Traveling from Phoenix to Terre Haute involves a full day of travel; therefore arrangements must be made in advance.

Bureau of Prisons that may indicate what has precipitated the decision. Recognizing that, should this Court order a competency hearing, it will undoubtedly need to consider records, counsel will attempt to have Mr. Caro sign a release so that his most current prison medical and mental health records can be obtained. In light of these considerations, counsel are seeking 120 days, without the objection of the government, in which to file a status report with this Court.

The 120-day period is not requested for purposes of delay. Rather, it is necessary due to multiple factors: (1) the distance between counsel's office and the prison where Mr. Caro is incarcerated; (2) the multiple issues—including prison conditions,[3] mental health conditions, and family circumstances—that require investigation; (3) the need to retain experts to consult with counsel and/or Mr. Caro regarding competence; (4) Mr. Caro's prior neuropsychological and

---

[3] In undersigned counsel's experience, it is not uncommon for capital clients housed at the United States Penitentiary at Terre Haute and elsewhere to react significantly to stressors in the prison environment, such as conditions of solitary confinement, the imposition of new security measures, dietary policy, and inability to obtain medical care. The severity of conditions on the nation's death rows has spawned something referred to in the legal literature as "death row" or "segregated housing unit" syndrome. *See Lopez v. Pennsylvania Dept. of Corrections*, 119 A.3d 1081, 1090 (Pa. Commw. Ct. 2015) (conditions on death row may cause symptomatology that includes anxiety and depression, and support a finding that the conditions of confinement have caused an inmate's mental or physical illness so as to give rise to a civil rights claim that his Eighth Amendment right to be free from cruel and unusual punishment has been violated). Death row syndrome may also cause an inmate to be incompetent to waive an appeal because it renders the decision to do so involuntary. *See, e.g., State v. Ross*, 873 A.2d 131, 137-38 n.6 (Conn. 2005).

4

psychiatric testing, which were the subject of his Section 2255 motion, and which indicate that Mr. Caro's brain damage inhibits his functioning and decision-making ability, particularly in stressful situations;[4] and (5) the complicated nature of the legal issues that must be explained to Mr. Caro.[5]   As noted, the government understands the need for, and does not object to, the requested time period.

### Conclusion

Counsel will move quickly and diligently to determine whether Mr. Caro continues to desire to stop his capital appeal.  To the extent practicable, counsel will unearth the facts that have precipitated Mr. Caro's present action and report those to the Court, including whether a remand for competency determination will be necessary.  Given the circumstances and need for further investigation, counsel respectfully request that the Court issue an order that Mr. Caro's counsel to file a status report with the Court on or before August 9, 2016.

---

[4] *See* Neuropsychological Consultation of Carlos Caro by Malcolm D. Spica, Ph.D., dated June 9, 2006 and June 16, 2006, *United States v. Caro*, No. 1:06-CR-00001-JPJ, ECF No. 790-10, Ex. 10-C (W.D. Va.). Dr. Spica's testing revealed that Mr. Caro's reasoning "under calm, controlled conditions ranks at the level of a 10-year-old; when under pressure, he perform[s] much lower (impaired range)." *Id.* at 7.   Mr. Caro's brain dysfunction makes him "highly suggestible" and "respond impulsively . . . without proper consideration of competing information." *Id.* at 6.

[5] For example, with respect to the second paragraph of Mr. Caro's letter that this Court help expedite "the implementation of [his] execution," his counsel will undertake to help him understand that the Court has no authority to order his execution.   Counsel will also discuss with Mr. Caro at the April 22 visit the procedures that will occur at some point in the future should the Court grant his request to waive his appeal.

Respectfully submitted this 11th day of April, 2016.


s/Robin C. Konrad
Jon M. Sands
Federal Public Defender
Robin C. Konrad (Ala. Bar No. 2194-N76K)
Assistant Federal Public Defender
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
robin_konrad@fd.org
602.382.2816 / 602.889.3960 facsimile

Fay F. Spence (Virginia Bar No. 27906)
Federal Public Defender's Office
210 First Street, SW, Suite 400
Roanoke, Virginia 24011
fay_spence@fd.org
540.777.0880 / 540.777.0890 facsimile

Brian J. Beck (Virginia Bar No. 78049)
Federal Public Defender's Office
201 Abingdon Place
Abingdon, Virginia 24211
brian_beck@fd.org
276.619.6080 / 276.619.6090 facsimile

Attorneys for Defendant-Appellant Carlos David Caro

7

## Certificate of Service

I hereby certify that on April 11, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Jean Barrett Hudson, Assistant United States Attorney.

<u>s/ Teresa Ardrey</u>
Assistant Paralegal
Capital Habeas Unit