Office of
## FEDERAL PUBLIC DEFENDER
for the District of Arizona
**Capital Habeas Unit**

**Jon M. Sands**
Federal Public Defender

Direct line: (520) 879-7570
email: tim_gabrielsen@fd.org

September 7, 2017

The Hon. Patricia S. Connor
Clerk of the Court
United States Court of Appeals
   for the Fourth Circuit
Lewis F. Powell, Jr., Courthouse Annex
1100 East Main Street, Suite 501
Richmond, Virginia 23291-3517

     Re:    Letter Pursuant to FRAP 28(j), *United States v. Caro*, Fourth Cir. No.
           16-1 (Oral Argument set for September 14, 2017).

Dear Ms. Connor:

     In Argument I, the Government's Brief alleges that Caro's *Brady* claim is "the same substantive claim" raised on direct appeal and, therefore, the district court was justified in ruling that "relitigation of an already decided claim, using newly acquired ammunition, is barred." Doc. 63 at 36, 39 (citing *Caro*, 597 F.3d at 616-17) (sic, JA 1958, Footnote 12). Caro submits in Reply, Doc. 74 at 2, 4-12, that the Government's suppression of BOP data as to historical lengths of incarcerations at ADX Florence, which would reduce the likelihood of his future dangerousness, prevented him from mounting a *Brady* challenge at trial *and* on direct appeal.

     As supplemental authority, he cites the direct appeal briefs filed in this Court that conclusively demonstrate that neither Caro nor the Government understood Caro to be raising a *Brady* claim. Caro's Opening Brief, Fourth Cir. No. 7-5, Doc. 89 at 65-76, included introductory paragraph A (at 60), which prefaced what he pleaded under argument headings B (at 65) and C (at 70) that his rights to discovery under Fed. R. Crim. P. 16(a)(E)(1) and to issue subpoenas to compel BOP data under Rule 17(c) were violated, and he alleged under heading D that the Government could not prove the trial errors "harmless" under 18 U.S.C. § 3595(c).

Doc. 89 at 76.  He did not allege a *Brady* violation or allege that he had unearthed *Brady* material or could establish *Brady* materiality.  In Footnote 45 (Doc. 89 at 66), he merely argued that Rule 16 disclosure might also include exculpatory evidence and that this Court should remand "for a hearing to determine whether the information requested from BOP was *Brady* material."  Thus, any *Brady* claim was prospective only.

The Government's Argument II heading, and its Analysis under subheadings C(1) & (2) similarly addressed only discovery under Rule 16 and subpoenas under Rule 17.  Doc. 102 at 29, 38, 43.  The Standard of Review did not discuss *Brady*, and Footnote 14 conceded that Caro only sought production of BOP documents and was not arguing that the requirements of *Brady* were met.  Doc. 102 at 38, 45.

Sincerely,

/s/ Timothy M. Gabrielsen
Timothy M. Gabrielsen
Fay Spence
Brian Beck
Assistant Federal Public Defenders

Counsel for Carlos David Caro

cc:    AUSA Jean Hudson
       AUSA Anthony Giorno

407 W. Congress Street, Suite 501, Tucson, Arizona  85701
(520) 879-7614 / (800) 758-7054 / facsimile (520) 622-6844